IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO. 1:20-cv-302

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, <br><br>     Plaintiff, <br><br> v. <br><br> THE ESTATE OF ROBERT STEPHEN CRANFORD, by and through its Administrator JASON CRANFORD <br><br>     Defendant. | **COMPLAINT FOR <br> DECLARATORY JUDGMENT** |

COMES NOW, Plaintiff, Allstate Insurance Company ("Plaintiff"), complaining of Defendant, the Estate of Robert Stephen Cranford, by and through its administrator Jason Cranford ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties") and seeking a declaratory judgment, alleges and states the following:

1.    This is a Complaint for a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, in which Plaintiff seeks a determination of its rights and responsibilities under a specific policy of insurance issued to Robert Stephen Cranford.

2.  Plaintiff was, and is, a corporation duly formed and existing by virtue of the laws of the State of Illinois.  At all times relevant to this Complaint, Plaintiff was, and is, licensed to conduct business throughout the State of North Carolina, including Randolph County, North Carolina.

3.  Upon information and belief, Robert Stephen Cranford ("Cranford") was a citizen and resident of Randolph County, North Carolina.

4.  Upon information and belief, the administrator of Plaintiff, Jason Cranford, was appointed by the Randolph County Clerk and is acting as administrator for the Plaintiff.

5.  Upon information and belief, Jason Cranford is a citizen and resident of Virginia.

6.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claim occurred in this judicial district.

8.  On or about October 2, 2019, Cranford was in an automobile accident with Cynthia Israel (the "Accident").

9.  Cranford died as a result of the injuries he suffered in the Accident.

10. Plaintiff issued an Automobile Insurance Policy to Cranford under policy number 055649603 (the "Policy"). A true and accurate copy of the Policy, including and renewals beginning in 2010, is expressly incorporated herein and attached hereto as **Exhibit "A."**

11. The Policy was originally issued in 1991 and renewed annually by Cranford through the date of the Accident.

12. The Policy provided bodily injury coverage limits of $30,000 per person and $60,000 per accident.

13. The Policy did not provide any underinsured motorist coverage.

14. Each renewal of the Policy, from 2010 through 2019, included an "Important Notice," which read:

> NOTICE: YOU ARE REQUIRED TO PURCHASE UNINSURED MOTORIST BODILY INJURY COVERAGE, UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE AND, IN SOME CASES, UNDERINSURED MOTORIST BODILY INJURY COVERAGE. THIS INSURANCE PROTECTS YOU AND YOUR FAMILY AGAINST INJURIES AND PROPERTY DAMAGE CAUSED BY THE NEGLIGENCE OF OTHER DRIVERS WHO MAY HAVE LIMITED OR ONLY MINIMUM COVERAGE OR EVEN NO LIABILITY INSURANCE. YOU MAY PURCHASE UNINSURED MOTORIST BODILY INJURY COVERAGE AND, IF APPLICABLE, UNDERINSURED MOTORIST COVERAGE WITH LIMITS UP TO ONE MILLION DOLLARS ($1,000,000) PER PERSON AND ONE MILLION DOLLARS ($1,000,000) PER ACCIDENT OR AT

SUCH LESSER LIMITS YOU CHOOSE. YOU CANNOT PURCHASE COVERAGE FRO LESS THAN THE MINIMUM LIMITS FOR THE BODILY INJURY AND PROPERTY DAMAGE COVERAGE THAT ARE REQUIRED FOR YOUR OWN VEHICLE. IF YOU DO NOT CHOOSE GREATER OR LESSER LIMIT FOR UNINSURED MOTORIST BODILY INJURY COVERAGE, A LESSER LIMIT FOR UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE, AND/OR A GREATER OR LESSER LIMIT FOR UNDERINSURED MOTORIST BODILY INJURY COVERAGE, THEN THE LIMITS FOR THE UNINSURED MOTORIST BODILY INJURY COVERAGE AND, IF APPLICABLE, THE UNDERINSURED MOTORIST BODILY INJURY COVERAGE WILL BE THE SAME AS THE HIGHEST LIMITS FOR BODILY INJURY LIABILITY COVERAGE FOR ANY ONE OF YOUR OWN VEHICLES INSURED UNDER THE POLICY AND THE LIMITS FOR THE UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE WILL BE THE SAME AS THE HIGHEST LIMITS FOR PROPERTY DAMAGE LIABILITY COVERAGE FOR ANY ONE FO YOUR OWN VEHICLES INSURED UNDER THE POLICY. IF YOU WISH TO PURCHASE UNINSURED MOTORIST AND, IF APPLICABLE, UNDERINSURED MOTORIST COVERAGE AT DIFFERENT LIMITS THAN THE LIMITS FOR YOUR OWN VEHICLE INSURED UNDER THE POLICY, THEN YOU SHOULD CONTACT YOUR INSURANCE COMPANY OR AGENT TO DISCUSS YOUR OPTIONS FOR OBTAINING DIFFERENT COVERAGE LIMITS. YOU SHOULD ALSO READ YOUR ENTIRE POLICY TO UNDERSTAND WHAT IS COVERED UNDER UNINSURED AND UNDERINSURED MOTORIST COVERAGES.

15.     Upon information and belief between 2010 and 2019, Cranford received at least some of the renewals of the Policy.

16.     On or about February 12, 2020, the insurer for Cynthia Israel tendered her insurance policy's liability limits of $50,000 to Plaintiff.

17.     Representatives of Defendant have contended that North Carolina law requires Plaintiff to provide $1,000,000 of underinsured motorist coverage under the Policy unless Plaintiff can provide a selection/rejection form.

18.     Pursuant to the terms of the Policy and applicable North Carolina law, Plaintiff does not owe Defendant underinsured motorist coverage regardless of whether a selection/rejection form for the Policy was ever provided to Cranford.

## COUNT ONE - DECLARATORY JUDGMENT

19.     Plaintiff incorporates as if fully set forth herein the allegations contained within the above paragraphs.

20.     There exists an actual, substantial and justiciable issue in controversy between the Parties hereto with respect to the amount, if any, of underinsured motorist coverage the Policy provides to Defendant.

21.     A judicial determination and a declaration of the rights and obligations of the Parties is necessary and appropriate at this time because Plaintiff has no adequate remedy at law which will resolve the current controversy.

Case 1:20-cv-00302-NCT-LPA   Document 1   Filed 04/03/20   Page 5 of 6

22.     Plaintiff is entitled to a declaration from the Court that it does not owe any underinsured motorist coverage to Defendant under the Policy.

WHEREFORE, Plaintiff prays for relief as follows:

1.     For a declaration that Plaintiff does not owe any underinsured motorist coverage to Defendant under the Policy;

2.     For an award of attorneys' fees and costs pursuant to law;

3.     For trial by jury as to all issues of fact; and

4.     For such other and further relief as the Court may deem just and proper.


This the 2nd day of April, 2020.

/s/ Jeffrey B. Kuykendal
John P. Barringer (Bar # 16543)
Jeffrey B. Kuykendal (Bar # 37693)
McAngus, Goudelock & Courie, PLLC
P.O. Box 30307
Charlotte, NC 28230
john.barrigner@mgclaw.com
jeffrey.kuykendal@mgclaw.com
Counsel for Plaintiff
